# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-13-00562-CV

Favor Ministries, Inc., Appellant

v.

Buttross V, Inc., Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
NO. D-1-GN-12-001607, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Favor Ministries, Inc. sued Buttross V, Inc.[1] asserting causes of action for wrongful foreclosure on a house located in Manor, Texas, violation of the Texas Deceptive Trade Practices-Consumer Protection Act, and unfair debt collection. Buttross V filed a general denial and asserted a counterclaim seeking to recover the difference between the price the property sold for at the foreclosure sale and the unpaid balance of the loan on the property. *See* Tex. Prop. Code § 51.003 (governing suits to recover deficiency when price at which real property sold at non-judicial foreclosure sale is less than unpaid balance of indebtedness secured by real property). The trial court granted Buttross V's motion for summary judgment and rendered judgment that (1) Buttross V recover $53,814.54 for the deficiency along with attorneys' fees of $10,000 and pre- and

---

[1] While the proceedings below were styled "Favor Ministries, Inc. v. Buttross Group V," the allegations in the pleadings and the pertinent documentation appears to show that the correct name of the defendant below is "Buttross V, Inc."

post-judgment interest, and (2) Favor Ministries take nothing by its claims. Favor Ministries perfected this appeal, contending in four issues that the trial court erred in granting the summary-judgment motion and by awarding attorneys' fees. We will reverse and remand.

**BACKGROUND**

In order to purchase property located in Manor, Favor Ministries borrowed $255,000 from Buttross V. The loan is evidenced by a promissory note dated May 24, 2011 in the original principal amount of $255,000 payable to Buttross V. The note is secured by a deed of trust dated May 24, 2011, and recorded in the official public records of Travis County. The deed of trust secures repayment of the debt evidenced in the note, and for that purpose Favor Ministries granted and conveyed the property to the trustees[2] to hold in trust with power of sale.

In April 2012, counsel for Buttross V gave Favor Ministries notice of its intent to foreclose on the property securing the note, and in May 2012 the substitute trustee sold the property at a non-judicial foreclosure sale. Favor Ministries then sued Buttross V asserting, among other claims, a cause of action for wrongful foreclosure. Buttross V filed a counterclaim asserting that it was entitled to recover from Favor Ministries the deficiency remaining after applying the proceeds of the sale to the unpaid amount due under the note. Buttross V moved for summary judgment on its deficiency claim and on Favor Ministries' claims against it, including the claim for wrongful foreclosure. After the court granted Buttross V's motion for summary judgment, Favor Ministries perfected this appeal.

---

[2] The trustees are Regina Buttross, David Buttross, Deborah Carter, and Yousef Lahlou.

## DISCUSSION

In its first issue, Favor Ministries asserts that the trial court erred in granting Buttross V's traditional summary-judgment motion because Buttross V failed to submit competent summary-judgment evidence regarding the amount due on the note on the date of foreclosure, which Favor Ministries contends is an element of the cause of action to recover the deficiency. A party moving for traditional summary judgment under Texas Rule of Civil Procedure 166a(c) must establish that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c). For a claimant to be entitled to a traditional summary judgment, it must conclusively prove all elements of its cause of action as a matter of law. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986) (per curiam); *see* Tex. R. Civ. P. 166a(c). In its counterclaim, Buttross V sought to recover an alleged deficiency remaining after its non-judicial foreclosure on property securing the note in the original principal amount of $255,000. "It is settled Texas law that where a validly executed note goes into default and there is a resulting trustee's sale of the security for the note, a mortgagee must prove 1) the amount due on the note at the time of foreclosure, 2) that proper notice of acceleration has been given, 3) that a valid foreclosure sale was made and 4) that he has given credit to the mortgagor for the amount received at the trustee's sale and any other legitimate credits before he is entitled to a judgment for any deficiency." *Carruth Mortg. Co. v. Ford*, 630 S.W.2d 897, 899 (Tex. App.—Houston [1st Dist.] 1982, no writ); *see also Charles R. Tips Family Trust v. PB Commercial LLC*, ___ S.W.3d ___, No. 01-13-00449-CV, 2014 WL 4085496, at *3 (Tex. App.—Houston [1st Dist.] Aug. 19, 2014, no pet. h.); *Thompson v. Chrysler First Bus. Credit*, 840 S.W.2d 25, 28 (Tex. App.—Dallas 1992, no writ) (same). Thus,

3

in order for summary judgment awarding Buttross V any deficiency amount to have been proper, Buttross V was required to conclusively prove each of these elements. *See* Tex. R. App. P. 166a(c).

An examination of the record reveals that Buttross V failed to conclusively establish at least one of the elements of its deficiency claim—the amount due on the note at the time of foreclosure. The summary-judgment motion itself simply states that (1) the original principal amount of the note was $255,000; (2) the property securing the note was sold for $200,000; and (3) the claimed deficiency is $53,814.54. Attached to the summary-judgment motion is the affidavit of David A. Buttross, II, in which he avers:

> The Statement of the Case contained in Defendant's Motion for Summary Judgment accurately and truthfully reflects my understanding of the factual matters which form the subject matter of this lawsuit. All of the documents attached to Defendant's Motion for Summary Judgment are true and correct copies.

The documents attached to the motion for summary judgment are copies of (1) the promissory note, (2) the deed of trust, (3) correspondence from counsel for Buttross V demanding payment of a past-due installment payment, (4) the appointment of a substitute trustee, (5) correspondence from counsel for Buttross V regarding acceleration of the note and notice of the substitute trustee's sale, (6) the notice of the substitute trustee's sale, and (7) the substitute trustee's deed conveying the property to the purchaser at the non-judicial foreclosure sale. None of these documents even identifies, much less constitutes competent summary-judgment evidence of, the amount due on the note at the time of foreclosure. Moreover, the Buttross affidavit does not amount to "evidence" of anything; at the most it is simply a verification of the statements made in the summary-judgment motion, which does not meet the standard for competent summary-judgment evidence. *See Laidlaw*

*Waste Sys., Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995) ("Generally, pleadings are not competent evidence, even if sworn or verified."); *Quanaim v. Frasco Rest. & Catering*, 17 S.W.3d 30, 42 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) ("It is well settled that neither the motion for summary judgment, nor the response, even if sworn, is ever proper summary judgment proof."). Because Buttross V failed to conclusively establish the amount due on the promissory note at the time of foreclosure, an element of its cause of action, it was not entitled to summary judgment. We sustain Favor Ministries' first issue.

Because of our disposition of Favor Ministries' first issue, we need not address its remaining issues regarding the sufficiency of the notice, the existence of fact issues related to its fair-market-value defense, or the evidence supporting the award of $10,000 in attorneys' fees based on the affidavit of Buttross V's attorney, who simply stated that, in his opinion, $10,000 was a reasonable fee. *See* Tex. R. App. P. 47.1 (court of appeals must hand down written opinion that is as brief as practicable while addressing every issue raised and necessary to final disposition of appeal).

## CONCLUSION

For the reasons stated above, we reverse the trial court's summary judgment and remand the case to that court for further proceedings.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Reversed and Remanded

Filed:   December 18, 2014