Jack **HENSLEY** et al., Appellants,

v.

Ronald E. **JONES**, Appellee.

No. 731.

Court of Civil Appeals of Texas, 14th Dist.

March 14, 1973.

Jon E. Mercer, Houston, for appellants.

Carl J. Halla, Jr., Soape, Foster & Halla, Houston, for appellee.

TUNKS, Chief Justice.

This is a suit on a negotiable promissory note. The plaintiff is the endorsee of the note. A copy of the note and a copy of the endorsement are attached to the plaintiff's petition as exhibits. The defendants, makers of the note, answered by general denial only.

The plaintiff filed a sworn motion for summary judgment to which were attached the original of the note sued on and the endorsement naming plaintiff as endorsee. The affidavit recites that the attached note is the one on which plaintiff's suit is based. The defendants filed no summary judgment evidence. The trial court granted the plaintiff summary judgment for the unpaid principal and interest on the note and for contractually fixed attorney's fees. The defendants have appealed.

The pleadings in this case put in issue "allegations that the plaintiff is the owner or holder of the note, that the same is due together with the amount due and owing thereon." Alexander v. Houston Oil Field Material Company, 386 S.W.2d 540, 543 (Tex.Civ.App.—Tyler 1965, writ ref'd n. r. e.). The original of the note, having been attached to plaintiff's affidavit, became a part thereof and thus became proper evidence to be considered on motion for summary judgment. The note on its face established that its due date was past and, absent any proper affirmative plea of payment (Texas Rules of Civil Procedure 95), showed the amount that was due thereon. The plaintiff's production into the summary judgment evidence of the original of the note and endorsement which showed plaintiff to be the holder thereof entitled plaintiff to recover on it unless the defendants established a defense. Tex. Bus. & Comm. Code Ann. secs. 3.307(b) and 1.201(31) (1968), V.T.C.A.

The appellants' point of error to the effect that plaintiff failed to produce the required summary judgment evidence is overruled.

The other point of error relates to that portion of the trial court's judgment awarding plaintiff recovery of attorney's fees. This point includes two complaints. First, it is argued that the right to recover attorney's fees is, by the terms of the note, given to the named original payee and not to an endorsee such as this plaintiff. That contention is rejected. The original payee's right to recover attorney's fees passed to the plaintiff by the endorsement of the note to him. 9 Tex.Jur.2d, Bills and Notes sec. 135 (1969).

The other complaint which the defendants direct at that portion of the judgment awarding attorney's fees is sustained. The note provides for 10% attorney's fees.

The amount due and unpaid on the principal and interest at the date of the judgment was, as recited in the judgment, $11,717.67. The amount awarded as attorney's fees was $1,717.77, obviously either a mathematical miscalculation or a typographical error. Such error requires that the judgment be reformed.

The judgment of the trial court is reformed so as to change the amount awarded for attorney's fees to $1,171.76 As so reformed, the judgment of the trial court is affirmed.

Costs of appeal are assessed against the appellee.