Donley H. WILLIAMS et ux., Appellants,

v.

Dock HENDERSON, Jr., Appellee.

No. 17270.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

March 15, 1979.

Rehearing Denied April 12, 1979.

M. Wesley Plummer, Houston, for appellants.

Joe Edwin Naron, Houston, for appellee.

Before COLEMAN, C. J., and PEDEN and DOYLE, JJ.

DOYLE, Justice.

Appellants, Donley H. Williams et ux., (Williams) bring this suit against appellee, Dock Henderson, Jr., (Henderson) to recover a deficiency after a trustee's sale of property securing a note.

In September, 1969, Williams and Henderson entered into a real estate transaction. As part of this transaction, Henderson executed a promissory note in the amount of $15,711.26. Although the note recited that it was secured by a vendor's lien reserved in the warranty deed, no deed was introduced into evidence. The note was additionally secured by a deed of trust executed by Henderson to M. W. Plummer, Trustee (the trustee). In the fall of 1974, Henderson defaulted on the note, leaving a contested balance of approximately $13,021.96. During this same period of time, possession of the land was also controverted as Williams had possession prior to the trustee's sale. There was conflicting evidence about destruction of improvements on the land.

In 1975, the trustee instituted foreclosure proceedings against Henderson, and the land was sold back to Williams at the trustee's sale for $5,000. The trustee, without stating any amount, deducted the expense of the sale and depreciation from the $13,021.96 balance and arrived at a deficiency figure of $9,062.95. There was no evidence offered to show how the expense of the sale and the depreciation were determined. Suit was brought to recover this deficiency.

Trial to the court without a jury resulted in a take nothing judgment from which this appeal was taken.

Although appellants list two points of error, they are in effect only one, and we shall address them as such. Appellants contend that the trial court erred in failing to find that appellants proved a deficiency after the trustee's sale. The trial court made the following findings of fact and conclusions of law:

"FINDINGS OF FACT

1. Defendant, Dock Henderson, executed a note, (Plaintiff's Exhibit 1) payable to Plaintiff's, Donley Williams, and wife, Lillie B. Williams.

2. Said Defendant executed a Deed of Trust (Plaintiff's Exhibit 3) securing said note.

3. A Trustee's sale was held on March 4, 1975, under said Deed of Trust.

4. There is either no evidence, insufficient evidence, or conflicting and insufficient evidence and thus, Plaintiffs did not establish:

(a) The amount due and owing by Defendant to Plaintiffs, under said note, at the time of the Trustee's Sale;

(b) The amount paid for the property at the Trustee's Sale;

(c) The Trustee, Plummer, deeded said property to the purchaser;

(d) The amount of deficiency, if any, owed by Defendant, to Plaintiffs;

(e) Notice given to Defendant of any amount Defendant was delinquent in payments, where note was being accelerated, or what amount was due upon acceleration and maturing of the note.

## CONCLUSIONS OF LAW

This Court has jurisdiction and venue over this cause of action.

Plaintiff failed to prove the amount of any deficiency prayed for in their petition.

Plaintiffs failed to prove that Trustee, M. W. Plummer, conveyed his Trustee's interest in subject property to Plaintiffs.

Plaintiffs failed to prove a lawful Trustee's Sale and foreclosure.

The Court concludes Plaintiffs are not entitled to judgment for any deficiency alleged in this petition."

■ The findings of fact are binding on the appellate court unless there is no evidence of probative force to support them or unless they are so against the great weight and preponderance of the evidence as to be obviously wrong. *Bass v. McClung Roofing Co., Inc.*, 575 S.W.2d 342 (Tex.Civ.App.— Fort Worth 1978, no writ); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). Therefore, it becomes the duty of this court to consider all of the evidence adduced at the trial to determine if it is insufficient to support the findings of fact as set out in 4(d).

■ The general rule is that a holder of a note secured by a mortgage may at his option sue on such note and recover a personal judgment against the maker. It is not mandatory that he resort to his security. 39 Tex.Jur. Sec. 204; *Wallace v. Briers*, 405 S.W.2d 95 (Tex.Civ.App.—Eastland 1966, no writ). However, if the mortgagee undertakes to sell the security under the power given in a deed of trust, he must show that he has made a valid foreclosure sale. Further, he must show that he had given credit to the mortgagor for the amount received at the trustee's sale and any other legitimate credits before he is entitled to a judgment for any deficiency remaining on his note. *Maupin v. Chaney*, 139 Tex. 426, 163 S.W.2d 380 (1942); *Tarrant Savings Association v. Lucky Homes, Inc.*, 390 S.W.2d 473 (Tex.1965). Additionally, in order to recover in this case, Williams would have to prove the amount due on the note at the time of foreclosure, that proper notice of acceleration had been given and the amount of the consideration received by the trustee at the foreclosure sale.

As shown by the following excerpts, neither Williams nor Henderson knew the amount owing on the note at the time of the trustee's sale.

(By Williams)

Q Mr. Williams, you said you had a bill or a business relationship with the defendant, Dock Henderson, and by that you sold him some property?

A Yes, sir.

Q And he owed you some fifteen thousand and some odd dollars?

A Yes, sir. That is true.

Q Did he make payments on this?

A Yes. I don't know exactly how many.

Q I am just asking if he made a payment or two.

A I do not have that information.

(By Henderson)

Q What was the amount of money due and owing on such account on the 9th day of September, 1974?

A I do not have that information.

The record does not show an exact figure for the amount paid at the trustee's sale and the trustee states he deducted an unspecified amount for expenses and depreciation. The trustee states that "Mr. Williams was the highest bidder. He gave $5,000 for

the property and we found there was $9,062.95 due and owing and we so notified Mr. Henderson and we were making a demand for the difference." The record is silent as to what and how much the expenses and depreciation were. Neither can this court determine that a sale was ever made to Williams by the trustee, nor by Henderson to the trustee. Relevant testimony shows the following:

(By Trustee, Plummer)

Q Mr. Plummer, the truth of the matter is that there was never a deed executed to Dock Henderson was there?

A I deny that.

Q But surely in the preparation of this suit, you considered a deed from Mr. Williams to Mr. Henderson as being evidence?

A No, sir. He signed a note and he was obligated and if he got one and there was no evidence that he did not receive it. He wanted the property and enjoyed it for five years.

Q Are you admitting there was never any deed to Dock Henderson?

A No I am saying a deed was executed.

Q Did you search the deed records of Harris County to find a deed to Dock Henderson from Mr. Williams prior to this trial?

A I have made no investigation as to the title of the property. I have not.

Q The deed of trust has been introduced in evidence is not validated if Mr. Henderson had never received a deed because he would have nothing to convey to you as to that deed because it is obviously from a term of years of one year to 10 years.

A That's correct, except it would have some bearing if there is a loss or misplaced deed and if Mr. Henderson received a deed and he failed to post it on the records and later on if we foreclosed on the interest, we would have been in trouble with Mr. Williams, but considering this is a proper instrument to have acted under because I know that the transaction did go through.

The testimony is unclear as to whether Henderson received any notice about his delinquency on the note, whether the note was being accelerated, or what amount was due upon acceleration and maturing of the note.

(By the trustee, Plummer)

Q Mr. Plummer, do you have any copies of any written notice . . . to Mr. Henderson before making a demand on the note?

A I believe I do. I think I have a written copy. Yes sir. I do have it . . .

Q All right may I see it?

A Here it is.

Q Now, do you have a green return card on this letter?

A The file does not reflect that I have a green return card. I may and may not have . . .

Q The date of the letter was January 15, 1975?

A It could have been. It is possible.

Q As I understand it, the letter of the foreclosure to the Constable's office was as early as January the 27th?

A Yes, sir.

Q You don't make mention in this letter anywhere when the default was made by Mr. Henderson, do you?

A Yes, I say you are far behind.

Q But you do not mention a date or time?

A No.

Q Just very general terms?

A That's right. I just said he was behind, that right.

Williams has cited several cases which hold that the execution of a note, not properly denied, is prima facie evidence of the amount due. *Hagar v. Texas Distributors*, 560 S.W.2d 773 (Tex.Civ.App.—Tyler 1977, ref'd, n.r.e.); *Hensley v. Jones*, 492 S.W.2d 283 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ). In the *Hensley* case, supra, Judge Tunks states: "The note on its

face established that its due date was past and, absent any proper affirmative plea of payment (Texas Rules of Civil Procedure—95), showed the amount that was due thereon." However, while the cases cited by Williams correctly state the general rule applicable where notes are regular on their face and are uncontested, they are not in point with the facts of the case before us. By timely pleading, Henderson alleges payment as an affirmative defense. The burden then rested on Williams to prove his case. The trial court's unchallenged findings of fact and conclusions of law were against Williams. We are bound by such findings and conclusions. *Bilek v. Tupa,* 549 S.W.2d 217 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.); *McKenzie v. Carte,* 385 S.W.2d 520, 530 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n.r.e.); *Zapata County v. Llanos,* 239 S.W.2d 699, 701 (Tex.Civ.App.—San Antonio 1951, writ ref'd n.r.e.). We find that the trial court's findings and conclusions are supported by the evidence.

The judgment of the trial court is affirmed.