**CARRUTH MORTGAGE CORPORATION, Appellant,**

v.

**W. Jaye FORD, et al, Appellees.**

**No. 01–81–0749–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

March 25, 1982.

Goldberg, Kusin & Brown, Barry Allan Brown, Houston, for appellant.

Green, Sims, Van Os & Lee, Thomas J. Sims, Houston, for appellees.

Before WARREN, DUGGAN and PRICE, JJ.

PRICE, Justice.

This is an appeal from a judgment denying recovery on a promissory note and guaranty agreement. The trial was to a jury which found that the appellant should take nothing on its cause of action for deficiency on the note amount, and made negative findings on appellees' affirmative defense of promissory estoppel and cross-action for fraud. Before submission of the case to the jury, the trial court granted appellees' motion for directed verdict on appellees' claim that the appellant's cause of action for fraud was barred by the statute of limitations.

The record reflects that on August 21, 1974, the Walker-Southwest Investment Co., appellee, executed a promissory note and deed of trust to Carruth Mortgage, appellant, in the amount of $2,050,000.00 for certain real property. A guaranty agreement was executed at the same time by Mr. Jaye Ford, appellee. The duration of the note was for one year, to become due on August 20, 1975. When the note became due it was not paid. The appellant and appellees executed an extension agreement in December, 1975, to be due and payable on January 10, 1976. For the agreement, appellees paid consideration of $20,000.00. The note was not paid under the terms of the extension agreement. The appellant, Carruth, foreclosed on the deed of trust and at the trustee's sale, Carruth made the highest bid of $1,783,692.00. This amount was credited to the principal of the note, leaving a remaining balance of principal at $266,308. The appellant sued on the note for the remaining deficiency and alleged damages amounting to $350,000. The appellant further contended that the transaction was fraudulent in that the appraisal, loan application and other documents, relied on by Carruth in making the loan, contained an inflated purchase price more than that necessary to purchase the property. As a defense, the appellees asserted promissory estoppel, claiming that the promissory

note was based on an agreement that Carruth Mortgage would extend permanent financing to Walker-Southwest Investment Co. so that they could make major renovations to the building and secure permanent tenants for the building. Appellees also counterclaim for fraud, maintaining that the agreement for permanent financing was relied on by them to their detriment and that at the time the promise was made, the appellant had no intention of honoring it. At trial, the Court granted the appellees' motion for an instructed verdict dismissing the claim of fraud made by the appellant because it was barred by the two year statute of limitations. The court denied all other motions and the case was submitted to the jury. The jury found that the appellant was entitled to recover nothing on the note, and made negative findings on both the appellees' defense of promissory estoppel and their counterclaim for fraud.

In its first four points of error, appellant complains that the trial court erred in refusing to grant appellant's motion for a directed verdict against appellees on the note where appellant properly pleaded a cause of action for recovery and appellees failed to plead payment as required by Tex. R.Civ.Pro. 94 and 95 and because there was no evidence to support a jury finding that the principal of the note had been paid. Carruth also complains that the trial court erred in submitting a special issue on the determination of the amount due under the note based on the offsets claimed by appellees since the offsets were not legitimate credits toward the principal. Finally, appellant contends that the court erred in refusing to grant appellant's motion to disregard special issue No. 1 because there was no evidence to support such an answer.

■ It is settled Texas law that where a validly executed note goes into default and there is a resulting trustee's sale of the security for the note, a mortgagee must prove 1) the amount due on the note at the time of foreclosure, 2) that proper notice of acceleration had been given, 3) that a valid foreclosure sale was made and 4) that he has given credit to the mortgagor for the amount received at the trustee's sale and any other legitimate credits before he is entitled to a judgment for any deficiency remaining on his note. *Williams v. Henderson*, 580 S.W.2d 37 (Tex.Civ.App.—Houston [1st Dist. 1979] no writ). The appellees do not contend that the note was not properly executed. They also do not contend that the property was sold pursuant to an invalid trustee's sale or that any of the above steps were not complied with. Their only contentions are that there was fraud on the part of the appellant as the appellant did not intend, at the time of executing the contract, to extend permanent financing, and that appellees are entitled to an offset due to this fraud and for any principal, interest or points already paid.

■ The evidence reflects that the foreclosure, trustee's sale and the credit from this sale applied to the amount of the note was made properly. Therefore, the appellant is entitled to at least $266,308.00, the remainder on the principal of the note after the credit has been applied. The record indicates that there is no dispute that there was no payment made on the principal of the note. The appellees, however, contend that they are entitled to offsets for the interest and points previously paid. We disagree. These offsets are not legitimate credits to be applied against the principal. The loan origination fee and any points that the appellees had to pay are fees that are added to the principal of the note as a matter of course and do not affect the principal on the note. Before a payment can be claimed as a legitimate credit against the principal, one must comply with the mandatory provisions of Tex.R.Civ.Pro. 94 and 95 by affirmatively pleading the payment and filing an account stating distinctly the nature of such payment. This was not done. Consequently, no legal offset exists.

■ The appellees' claim that they are entitled to an offset due to the fraud of the appellant, by refusing to extend permanent financing after they had agreed to do so, is without merit. Not only did the jury find against appellees on the fraud issue, but a

careful reading of the provisions of the promissory note and deed of trust reflect nothing regarding permanent financing. The provisions are clear and unambiguous, consequently, may not be varied by parol evidence. *Town North National Bank v. Broaddus*, 569 S.W.2d 489 (Tex.1978).

Because the provisions of the contract are clear, and because the offsets claimed by the appellees are not legitimate credits, there is no evidence to support a jury finding that the principal of the note had been paid.

We sustain appellant's points of error one, two, three and four.

In his fifth, sixth, and seventh points of error the appellant complains that the trial court erred in granting appellees' motion for directed verdict on appellant's claim for fraud on the grounds that recovery was barred by the two year statute of limitations. The claim for fraud centers around the allegation that appellees misrepresented, through an inflated appraisal and earnest money contract, the true purchase price of the property. Appellant claims that they relied on the figures contained in these documents. Appellant, further contends that due to this misrepresentation, the appellant loaned appellees an amount that far exceeded the true purchase price, and that this fraudulent misrepresentation was not discoverable until the property was sold at the trustee's sale, thereby causing a legal injury.

■ The law is clear that fraud prevents the running of the statute of limitations until it is discovered, or by the exercise of reasonable diligence might have been discovered. Knowledge of facts that would have excited inquiry in the mind of a reasonably prudent person, which if pursued by him with reasonable diligence would lead to the discovery of fraud, is equivalent to knowledge of the fraud as a matter of law. *Ruebeck v. Hunt*, 142 Tex. 167, 176 S.W.2d 738 (1943); *Wise v. Anderson*, 359 S.W.2d 876 (Tex.Sup.1962).

Since we are dealing with a directed verdict in favor of appellees, we will look only to that evidence which supports appellant's position and accept such as true. *Adams v. Slattery*, 156 Tex. 433, 295 S.W.2d 859 (1956).

■ The appellant does not refer us to any portion of the record where we might find any fact bearing upon the question of fraud as required by Tex.R.Civ.Pro. 418. Nevertheless, we have examined the record and find that there is no evidence to indicate that if fraud did exist, it should not have been discovered before the loan was executed. The trial court did not err in granting the instructed verdict.

Appellant's points of error five, six and seven are overruled. However, because points of error one, two, three and four are sustained this cause of action is reversed and remanded to the trial court.