**Affirmed and Opinion filed October 1, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00453-CV

## HELEN M. COLLINS, Appellant

## V.

## BAYVIEW LOAN SERVICING, LLC, Appellee

**On Appeal from the 334th District Court
Harris County, Texas
Trial Court Cause No. 2010-77849**

## O P I N I O N

In this dispute over the breach of a promissory note secured by real property, appellant Helen M. Collins challenges the trial court's grant of summary judgment in favor of Bayview Loan Servicing, LLC. We affirm.

### *Background*

In October 2005, Collins executed a promissory note in favor of LNB

Commercial Capital Corporation to obtain loan proceeds. Collins also executed a deed of trust on real property to secure payment of the note. LNB subsequently sold the note and assigned the deed of trust to Bayview. In 2008, Collins defaulted under the note by failing to make regular payments. Collins and Bayview entered into an agreement allowing Collins to pay off her delinquency under the note. Collins defaulted again and entered into two new agreements with Bayview, modifying her obligations under the note. Collins again defaulted in 2010 by failing to make payments. Bayview sent Collins a notice of default with an opportunity to cure.[1] When Collins failed to cure the default, Bayview sent her a letter stating that all amounts due on the note were accelerated pursuant to the terms of the note, along with a notice of foreclosure sale. Bayview foreclosed on the subject property on July 6, 2010.

Bayview filed suit against Collins to recover the deficiency due on the note. Collins asserted counterclaims against Bayview for violations of federal truth in lending laws,[2] breach of contract, and wrongful foreclosure.[3] Bayview filed a traditional motion for summary judgment on its claims and Collins' counterclaims. The trial court granted the motion and ordered final summary judgment awarding Bayview $467,198.21 for the deficiency due on the note, pre- and post-judgment interest, attorney's fees, and costs.

---

[1] This notice is not in the record. Bayview's motion for summary judgment was supported by an affidavit including the following information: "Collins was provided with notice of her default by Bayview, with an opportunity to cure provided along with the notice of intent of Bayview to accelerate all amounts due on the Note in the event Collins failed to cure."

[2] 12 C.F.R. §§ 226.17, 226.19.

[3] Collins did not include record cites in her appellate brief. *See* Tex. R. App. P. 38.1(g) (requiring statement of facts to contain record references). We take her allegations from the pleadings she filed below.

*Discussion*

In two issues, Collins challenges the trial court's grant of final summary judgment in favor of Bayview. In reviewing a summary judgment motion, all evidence favorable to the nonmovant is taken as true, and we draw every reasonable inference and resolve all doubts in favor of the nonmovant. *Mendoza v. Fiesta Mart, Inc.*, 276 S.W.3d 653, 655 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). A traditional summary judgment is properly granted only when the movant establishes that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215-16 (Tex. 2003). To determine if the nonmovant raises a fact issue, we review the evidence in the light most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *PAS, Inc. v. Engel*, 350 S.W.3d 602, 607-08 (Tex. App.—Houston [14th Dist.] 2011, no pet.). A defendant who conclusively negates a single essential element of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez,* 315 S.W.3d 494, 508 (Tex. 2010); *PAS*, 350 S.W.3d at 608.

## I. No Error in Grant of Summary Judgment on Bayview's Deficiency Claim and Collins' Wrongful Foreclosure Counterclaim

In her first issue, Collins argues the trial court erred in granting summary judgment in favor of Bayview on its deficiency claim and on Collins' counterclaim for wrongful foreclosure because Bayview improperly served notices of default

and sale simultaneously on Collins before it foreclosed on the subject property.[4] Collins asserts Bayview was required to serve Collins with a notice of default, giving her "at least 20 days to cure the default" before serving her with a notice of foreclosure sale. *See* Tex. Prop. Code § 51.002(b), (d).

**Deficiency claim.** To be entitled to summary judgment on its deficiency claim, Bayview was required to conclusively establish, among other things, that a valid foreclosure sale was conducted. *See Carruth Mortg. Corp. v. Ford*, 630 S.W.2d 897, 899 (Tex. App.—Houston [1st Dist.] 1982, no writ) (listing elements that mortgagee must prove to recover on deficiency claim after a foreclosure sale); *see also Winfield v. Dosohs I, Ltd.*, No. 01-97-00997-CV, 1998 WL 436895, at *3 (Tex. App.—Houston [1st Dist.] July 30, 1998, no pet.) (not designated for publication); *Nelson v. Texana Nat'l Bank*, No. B14-87-00509-CV, 1988 WL 83852, at *1 (Tex. App.—Houston [14th Dist.] Aug. 11, 1988, no writ) (not designated for publication). As a prerequisite to conducting a valid foreclosure sale, Property Code section 51.002 requires a mortgage servicer to serve a debtor under a deed of trust on real property "used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust . . . and giving the debtor at least 20 days to cure the default before notice of sale can be given." Tex. Prop. Code § 51.002(d).

Bayview argues it conclusively established that it properly served Collins with a notice of default in compliance with section 51.002. We agree. Bayview's motion for summary judgment was supported by an affidavit executed by its Assistant Vice President, Julie Butera, in which she attested,

---

[4] In her appellate brief, Collins first argues that Bayview did not serve a notice giving Collins an opportunity to cure the default or a notice of foreclosure. She then clarifies her meaning—that the notices were served simultaneously, thus depriving her of the opportunity to cure the default before being served with the notice of foreclosure.

4

Collins was provided with notice of her default by Bayview, with an opportunity to cure provided along with the notice of intent of Bayview to accelerate all amounts due on the Note in the event Collins failed to cure. Collins failed to cure the default on the Note. Accordingly, by letter of June 14, 2010 (the "June 14th Letter") all amounts due and owing on the Note were accelerated pursuant to the terms of the Note. Additionally, Bayview therewith provided Collins with written notice and notice of the foreclosure sale. . . . Thus, *after providing all notices required by law*, Bayview proceeded to foreclose on the property . . . made subject to the deed of trust.

(Emphasis added.)

Bayview thus submitted evidence that it complied with all the notice requirements required by law before conducting the foreclosure sale.[5] Although Collins now contends that Bayview sent the notice of default and notice of sale simultaneously, there is no evidence in the record to support this contention. Thus, Bayview conclusively established that it properly served each notice required by law as a prerequisite to conducting a valid foreclosure sale.[6] *See Grace Interest, LLC v. Wallis State Bank*, No. 14-12-00557-CV, 2013 WL 4604570, at *10 (Tex. App.—Houston [14th Dist.] Aug. 29, 2013, no. pet. h.) ("Because the summary judgment evidence establishes that the Bank provided proper notice of the foreclosure sale, appellants' argument that the Bank did not prove a valid foreclosure sale fails."). Accordingly, we conclude the trial court did not err in granting summary judgment in Bayview's favor on its deficiency claim.

---

[5] Bayview argues "there is no prohibition against sending the notice of default and the notice of foreclosure sale simultaneously." This assertion conflicts with the plain language of the rule. *See* Tex. Prop. Code § 51.002(d).

[6] Collins does not argue on appeal that Bayview failed to conclusively establish the other elements of its deficiency claim, which include (1) the amount due on the note at the time of foreclosure; (2) that proper notice of acceleration had been given; and (3) that Collins was given credit for the amount received at the trustee's sale and any other legitimate credits. *See Carruth*, 630 S.W.2d at 899.

**Wrongful foreclosure counterclaim**. To be entitled to summary judgment on Collins' wrongful foreclosure counterclaim, Bayview was required to negate at least one element of the counterclaim.[7] Bayview argued in its motion for summary judgment that there was no defect in the foreclosure sale proceedings. As set forth above, Bayview presented evidence that it conducted a valid foreclosure sale by providing all notices required by law. In that connection, Bayview also conclusively proved that there was no defect in the notice requirements for the foreclosure sale proceedings. *See id.* We thus conclude Bayview negated that element of Collins' wrongful foreclosure counterclaim.

We hold the trial court did not err in entering summary judgment in Bayview's favor on its deficiency claim and Collins' wrongful foreclosure counterclaim. We overrule Collins' first issue.

## II. Summary Judgment Proper on Counterclaims for Breach of Contract and Violations of Truth in Lending Act

In her second issue, Collins challenges the trial court's grant of summary judgment in favor of Bayview on Collins' counterclaims for breach of contract and violations of the Truth in Lending Act (TILA).[8] We conclude Collins' breach of contract arguments raised on appeal do not comport with the allegations pleaded in her counterclaim, and, under these circumstances, Bayview was not required to address the new arguments in its motion for summary judgment. We further conclude the trial court did not err in granting summary judgment on Collins'

---

[7] The elements of a wrongful foreclosure claim are (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Anderson v. Baxter, Schwartz & Shapiro, LLP*, No. 14-11-00021-CV, 2012 WL 50622, at *3 (Tex. App.—Houston [14th Dist.] Jan. 10, 2012, no pet.) (mem. op.).

[8] TILA requires disclosures in certain consumer credit transactions. *See* 15 U.S.C. §§ 1601-1651; *see also Green v. Bank of Am. N.A.*, Civ. A. No. H-13-1092, 2013 WL 3937070, at *5 (S.D. Tex. July 30, 2013).

TILA counterclaim.

**Bayview required only to defend against theories of breach of contract alleged by Collins**.  A pleading should contain "a short statement of the cause of action sufficient to give fair notice of the claim involved."  Tex. R. Civ. P. 47(a).  In the absence of special exceptions, a pleading should be construed liberally in favor of the pleader.  *Boyles v. Kerr,* 855 S.W.2d 593, 601 (Tex. 1993).  A court should uphold the pleading as to a claim that may be reasonably inferred from what is specifically stated.  *Id.*  However, when a petition lists specific allegations, appellate courts should not infer others unless the petition gives fair notice of them.  *See id*.  Fair notice is determined by whether an opposing party can ascertain from the pleading the nature and the basic issues of the controversy sufficient to prepare a defense.  *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896-97 (Tex. 2000); *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982).  Although a pleading is not required to allege a specific theory supporting a cause of action, a pleading may fail to give fair notice because of ambiguous language which does not clearly convey the pleader's contentions, or because its allegations, though clearly expressed, may mislead the opponent concerning the theory on which the pleader proposes to rely.  *City of Houston v. Howard*, 786 S.W.2d 391, 393 (Tex. App.—Houston [14th Dist.] 1990, writ denied).

In her counterclaim, under the heading "breach of contract," Collins pleaded, in relevant part, that (1) "the loan contracts at issue are contracts of adhesion"; (2) Bayview, "expressly and/or through [its] conduct and actions[,] agreed that monthly payment obligations would be sufficient to pay both the principal and interest owed on the loans" and "breached this agreement [and the written contractual agreement] by failing to apply any of [Collins'] payment[s] to principal"; (3) there was "gross inequality of bargaining position[s]" between the

7

parties to the loan contracts; and (4) the loan contracts contained "extremely harsh, one-sided provisions . . . foisted upon [Collins by Bayview]." On appeal, Collins argues she alleged in her breach of contract counterclaim that Bayview breached the parties' contract by failing to adhere to the note and deed of trust "as altered by the forbearance agreement" in "failing to make reasonable efforts to inform [Collins] of the excessive fees and waiver of rights associated with her forbearance agreement, and conduct a Loss Mitigation Evaluation, before accelerating the loan and proceeding with foreclosure under HUD regulations incorporated in the Note and Deed of Trust." Collins similarly argues that she pleaded "HUD regulations are incorporated in the Note and Deed of Trust, and were violated, creating a genuine issue of material fact." We conclude these allegations do not fairly represent the allegations pleaded in Collins' counterclaim.

Bayview moved for summary judgment based on the theories Collins had alleged in the trial court supporting her breach of contract counterclaim. The motion was based on the following grounds: Collins' breach of contract claims are (1) premised on events that occurred before she executed a release of claims against Bayview, (2) barred by the statute of frauds to the extent that they are based on claims of misrepresentations and omissions relating to the original loan documents or based on claims of misrepresentations and omissions not appearing in the loan documents, and (3) barred by the parol evidence rule.[9] Construing the counterclaim pleading liberally, we cannot conclude that Collins' pleading fairly

---

[9] Collins did not include any evidence with her response, but responded:

(1) "The vast majority of Collins' claims were not covered by the general release of claims."

(2) "There is a material issue of fact concerning the conclusion that Collins' claims are barred by the statute of frauds."

(3) "Collins' claims based on breach of contract . . . are not barred by the parole evidence rule."

apprised Bayview of the theories Collins apparently now relies on in support of her breach of contract counterclaim—that Bayview breached the note and deed of trust by failing to comply with HUD regulations purportedly incorporated into the note and deed of trust. In its motion for summary judgment, Bayview was required only to raise defenses to the theories of breach of contract pleaded by Collins. *See Horizon*, 34 S.W.3d at 896-97; *see also Howard*, 786 S.W.2d at 393.

Collins also argues on appeal that she "alleged that [she] met all of her contractual obligations to complete a loan forbearance agreement and made payments under the agreement." Collins does not explain how this statement supports her assertion that a fact question exists on the elements of her breach of contract counterclaim. An allegation is not evidence. *Haase v. Pearl River Polymers, Inc.*, No. 14-11-00024-CV, 2012 WL 4166826, at *5 (Tex. App.—Houston [14th Dist.] Aug. 9, 2012, pet. denied) (mem. op.); *see also Hou-Tex Printers, Inc. v. Marbach*, 862 S.W.2d 188, 190 (Tex. App.—Houston [14th Dist.] 1993, no writ) ("[A] mere allegation in [a] motion for summary judgment is not evidence."). Moreover, Bayview presented evidence that Collins defaulted under the terms of the note as modified by the forbearance agreement, and Collins presented no evidence to the contrary in her response to the motion for summary judgment. Thus, Collins has not shown a fact question exists on the elements of her breach of contract claim.

For these reasons, we overrule Collins' challenges to the trial court's grant of summary judgment on Collins' breach of contract counterclaim. *See La China v. Woodlands Operating Co.*, No. 14-12-00066-CV, 2013 WL 4017373, at *4 (Tex. App.—Houston [14th Dist.] Aug. 8, 2013, no. pet. h.) (noting court of appeals need address only issues raised by appellant). We turn to the second part of Collins' second issue challenging the trial court's grant of summary judgment in

9

favor of Bayview on Collins' TILA counterclaim.

**No error in grant of summary judgment on TILA counterclaim**. Collins argues, "Bayview did not provide Collins with the complete disclosure of total costs involved in agreeing to the adjustable rate promissory note and forbearance agreement, as required under TILA." Collins did not provide any record cites or authority in support of this argument, other than a general cite to TILA. As Bayview correctly argues, TILA does not apply to credit extended for commercial purposes. 15 U.S.C. § 1603(1) (stating TILA does not apply to "[c]redit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes"). Bayview presented evidence that Collins acknowledged in the note that the proceeds of the loan were to be used for commercial purposes only.[10] Collins did not present any evidence to the contrary. Thus, the trial court did not err in granting summary judgment in Bayview's favor on Collins' TILA counterclaim.

We overrule Collins' second issue.

We affirm the judgment of the trial court.

/s/     Martha Hill Jamison
Justice

Panel consists of Justices Boyce, Jamison, and Busby.

---

[10] Paragraph 19 of the note states: "The proceeds of this note are to be used for commercial purposes. No portion of the proceeds of this note is to be used for any consumer purpose or for the acquisition of goods or services for personal, family, or household purposes."