**Dismissed and Memorandum Opinion filed March 3, 2020.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00399-CV

### KENNETH D. EICHNER, P.C., Appellant

### V.

### BEN DOMINGUEZ, II, PARC CONDOMINIUM ASSOCIATION, AND ASSOCIATION MANAGEMENT INCORPORATED, Appellees

**On Appeal from the 125th District Court
Harris County, Texas
Trial Court Cause No. 2013-21379**

## MEMORANDUM OPINION

This dispute began when appellee Ben Dominguez, a condominium owner, sued appellees Parc Condominium Association, the condominium homeowners' association, and Association Management Incorporated, the condominium property manager (collectively, the "Condominium Association"). In a previous lawsuit, the Condominium Association had foreclosed on a lien against the condominium due to Dominguez's nonpayment of fees. Dominguez sued the homeowners' association and the management company for wrongful foreclosure. Appellant Kenneth D.

Eichner, P.C., Dominguez's accounting firm, intervened in the suit, asserting lien rights acquired under a promissory note for services rendered to Dominguez and secured by Dominguez's condominium. Eichner's intervention asserted a contract claim against Dominguez for Dominguez's default on the note and asserted rights against all parties due to Eichner's superior lien.

On February 5, 2015, the trial court signed a summary judgment in which the court found that Eichner's lien was inferior to the Condominium Association's lien and that Eichner's lien was extinguished by the previous foreclosure. On Eichner's appeal of that decision, this court held that Eichner's lien was superior to the Condominium Association's lien. *Kenneth D. Eichner, P.C. v. Dominguez*, No. 14-16-00192-CV, 2017 WL 2561334, at *9 (Tex. App.—Houston [14th Dist.] June 13, 2017, no pet.) (mem. op.). We sustained Eichner's issue with regard to the superiority of his lien and remanded the case to the trial court for further proceedings. *Id.*

On remand, Dominguez and the Condominium Association entered into an agreement pursuant to Texas Rule of Civil Procedure 11 in which Dominguez agreed to pay the homeowners' association fees and the Condominium Association agreed to return the condominium to Dominguez. On February 16, 2018, the trial court signed a final judgment based on the parties' agreement. On the same day, before rendering final judgment, the trial court granted the Condominium Association's motion to strike Eichner's intervention. On March 16, 2018, Eichner filed a timely motion for new trial challenging the striking of his intervention and the final judgment. Eichner filed a notice of appeal on May 14, 2018.

Eichner appeals the trial court's order striking his intervention and the court's judgment based on appellees' Rule 11 agreement. In six issues Eichner argues the trial court erred in striking his intervention and in rendering judgment based on the Rule 11 agreement between Dominguez and the Condominium Association.

2

Concluding we lack jurisdiction over Eichner's appeal, we dismiss the appeal.

## JURISDICTION

Before we address the issues Eichner raises in its appeal, we must first consider our jurisdiction. *See Nunu v. Risk*, 567 S.W.3d 462, 465 (Tex. App.—Houston [14th Dist.] 2019, pet. denied) ("An appellate court must determine de novo whether it has jurisdiction over an appeal, even if it must do so sua sponte."). We begin the analysis with the timeliness of Eichner's appeal. It is undisputed that the trial court signed a final judgment in this cause on February 16, 2018. It is further undisputed that Eichner filed its notice of appeal on May 14, 2018, more than thirty days after the trial court's final judgment.

The trial court granted the Condominium Association's motion to strike Eichner's intervention before the trial court signed the final judgment. The trial court's order striking Eichner's intervention was not appealable before the rendition of final judgment. *See Barrett v. Barrett*, No. 14-03-00373-CV, 2004 WL 1925972, at *1 (Tex. App.—Houston [14th Dist.] Aug. 31, 2004, no pet.) (mem. op.). Under the general rule, Eichner's notice of appeal was due 30 days after the signing of the final judgment. *See* Tex. R. App. P. 26.1 ("The notice of appeal must be filed within 30 days after the judgment is signed, except as follows[.]").

Texas Rule of Appellate Procedure 26.1 extends the time to appeal to 90 days if "any party" timely files a motion for new trial, a motion to modify the judgment, a motion to reinstate, or a request for findings of fact or conclusions of law. *See* Tex. R. App. P. 26.1. Although Eichner filed a timely motion for new trial, because it was not a party to the judgment, its motion for new trial was ineffective to extend the appellate timetable because it was not a party below. *See Lapiner v. Maimon*, 429 S.W.3d 816, 820–21 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

Generally, named parties may appeal the trial court's judgment. *City of San*

*Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 754 (Tex. 2003); *see* Tex. R. App. P. 25.1 ("The filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from."). Eichner is a nonparty. Eichner filed a petition in intervention in the action. The Condominium Association moved to strike the intervention, and the trial court granted the motion and struck Eichner's intervention. Eichner's intervention was struck before the trial court signed the final judgment.

Where, as here, a nonparty has the right to appeal a decision of the trial court granting a motion to strike, such nonparty nonetheless cannot extend the appellate timetable by assailing the final judgment with a motion for new trial. *See Lapiner*, 429 S.W.3d at 821; *see also Cent. Mut. Ins. Co. v. Dunker*, 799 S.W.2d 334, 336 (Tex. App.—Houston [14th Dist.] 1990, writ denied) (holding that, because appellant did not become a party by intervention before judgment was rendered, appellant may not extend the time to appeal by filing a motion for new trial); *State & Cnty. Mut. Fire Ins. Co. v. Kelly*, 915 S.W.2d 224, 227 (Tex. App.—Austin 1996, no pet.) (holding that a nonparty's motion for new trial and petition for intervention filed after the trial court signed a final judgment did not extend the court's plenary jurisdiction).

On December 9, 2019, notification was transmitted to all parties of the court's intention to dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). On December 18, 2019, Eichner filed a response in which it alleges that under the doctrine of virtual representation Eichner is deemed to be a party. Specifically, Eichner argues the Security Agreement between Eichner and Dominguez provided that Eichner may act as attorney-in-fact for Dominguez; therefore, because Dominguez was a party to the judgment Eichner argues it is virtually represented through Dominguez. Although we have found no authority that the "deemed party" analysis would apply to Texas Rule of Appellate Procedure 26.1 for purposes of

extending the appellate timetable, we address Eichner's argument and find Eichner does not qualify as a deemed party under the doctrine.

## I. Eichner is not a "deemed party" under the virtual representation doctrine.

Texas recognizes that one may be a "deemed party" under the doctrine of virtual representation. *City of San Benito*, 109 S.W.3d at 754–55. To be a deemed party, (1) the appellant must be bound by the judgment; (2) its privity of estate, title, or interest must appear from the record; and (3) there must be an identity of interest between the appellant and a party to the judgment. *Lapiner*, 429 S.W.3d at 755 (citing *Motor Vehicle Bd. of the Tex. Dep't of Transp. v. El Paso Indep. Auto. Dealers Ass'n*, 1 S.W.3d 108, 110 (Tex.1999)). The Texas Supreme Court has noted that, in determining whether an appellant should be considered a "party" for purposes of appeal, "the most important consideration is whether the appellant is bound by the judgment." *City of San Benito*, 109 S.W.3d at 754–55.

Eichner is not bound by the judgment; Dominguez and the Condominium Association are bound. The judgment ordered the Condominium Association to prepare all documents necessary to deliver title of the property to Dominguez. The judgment further ordered Dominguez to pay $36,000 in satisfaction of the Rule 11 Agreement between the parties and $6,267 in satisfaction of the special assessment. The judgment did not address any claims Eichner asserted in its intervention.

Nor has Eichner established identity of interest. In an attempt to do so Eichner argues that as Dominguez's attorney-in-fact, it could have brought all or part of the same action that Dominguez brought against the Condominium Association. However, Eichner did not allege a cause of action that would satisfy the privity element of the virtual representation doctrine. *See BJVSD Bird Family P'ship, L.P. v. Star Elec., L.L.C.*, 413 S.W.3d 780, 785–86 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (holding that the appellant's interest as a stakeholder in an entity did not

5

satisfy the privity element of the virtual representation doctrine). The injury Eichner alleged was to Eichner, not Dominguez. Dominguez sued the Condominium Association for wrongful foreclosure. Eichner, in its plea in intervention, did not plead a wrongful foreclosure action. Eichner did not attempt to intervene as Dominguez's attorney-in-fact but attempted to intervene on its own behalf.

In Eichner's second-amended petition in intervention, its live pleading, Eichner sought to assert its lien against Dominguez. Eichner did not seek to assert a wrongful foreclosure on behalf of Dominguez. This court has found the elements of a wrongful foreclosure claim are (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Collins v. Bayview Loan Servicing, LLC*, 416 S.W.3d 682, 687 n. 7 (Tex. App.—Houston [14th Dist.] 2013, no pet.). While the necessity of a "grossly inadequate selling price" has been questioned, courts agree that an irregularity in the foreclosure must be plead and damages must be either the difference between the value of the property and the indebtedness or the setting aside of the foreclosure sale. *See Charter Nat. Bank—Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied) ("Texas law conforms with the general rule found in other jurisdictions that mere irregularities in the conduct of the foreclosure sale will not vitiate the sale unless the irregularities result in injury to the mortgagor.").

Eichner alleged the Condominium Association conducted the foreclosure sale without notice to Eichner as the superior lienholder. While Eichner was not entitled to notice as the superior lienholder,[1] even if it were entitled to notice, that is one element of a wrongful foreclosure claim. Eichner did not allege an inadequate selling price or a causal connection between the defect and the inadequate selling price. As

---

[1] *See* Tex. Prop. Code Ann. § 51.002(b) (lienholder must send written notice only to the property owner).

damages Eichner sought foreclosure on the property and assertion of its superior lien. The irregularity Eichner alleged in its petition in intervention was not asserted as Dominguez's attorney-in-fact but was unique to Eichner's interest.

Finally, there is no identity of interest between Eichner and Dominguez. Eichner does not have a cause of action against the Condominium Association nor is it bound by the judgment in the trial court. Eichner's attempted intervention was one for breach of contract against Dominguez.

In this action Eichner is not a deemed party because (1) it is not bound by the judgment; (2) its privity of estate, title, or interest does not appear from the record; and (3) on the live pleadings there is not an identity of interest between Eichner and Dominguez. *See City of San Benito*, 109 S.W.3d at 754–55.[2]

## II. This court's prior opinion does not affect Eichner's status as a nonparty in this appeal.

Eichner further argues that because this court adjudicated part of Eichner's claim in its first appeal, Eichner is a party in this appeal as well. At the time this court issued its opinion in Eichner's prior appeal Eichner had intervened and the trial court had not struck Eichner's intervention. *See Eichner*, 2017 WL 2561334, at *1.

---

[2] We note that Eichner is not left without a legal remedy. *Cf. BASF Fina Petrochemicals Ltd. P'ship v. H.B. Zachry Co.*, 168 S.W.3d 867, 871 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (noting that to hold a party was not virtually represented would leave that party without a legal remedy). Eichner sued Dominguez for money owed for accounting services and recovered a judgment after arbitration. *See Dominguez v. Kenneth D. Eichner, P.C.*, No. 01-17-00332-CV, 2018 WL 3117873, at *3 (Tex. App.—Houston [1st Dist.] June 26, 2018, no pet.) (mem. op.). When the property was originally foreclosed Eichner did not lose a substantial property interest because foreclosure does not terminate interests in the foreclosed real estate that are senior to the mortgage being foreclosed. *See Atu v. Slaughter*, No. 14-06-00771-CV, 2007 WL 2682198, at *3 (Tex. App.—Houston [14th Dist.] Sept. 13, 2007, no pet.) (mem. op.). In general, the successful bidder at a foreclosure takes title subject to prior liens. *Conversion Props., L.L.C. v. Kessler*, 994 S.W.2d 810, 813 (Tex. App.—Dallas 1999, pet. denied). A foreclosure does not terminate the senior interest in the foreclosed real estate. *Atu*, 2007 WL 2682198, at *3. Rather, the purchaser is charged with the primary liability for the payment of prior liens and must service them to avoid loss of the property. *Id.*

Texas Rule of Civil Procedure 60 provides that "[a]ny party may intervene by filing a pleading subject to being stricken out by the court for sufficient cause on the motion of any party." The rule authorizes a party with a justiciable interest in a pending suit to intervene in the suit as a matter of right. *In re Union Carbide Corp.*, 273 S.W.3d 152, 154 (Tex. 2008). At the time of Eichner's previous appeal it was a party to the judgment and this court had jurisdiction over its appeal. *See Lapiner*, 429 S.W.3d at 755. In its first appeal to this court Eichner was a party and filed a timely notice of appeal from the trial court's judgment. *See Eichner*, 2017 WL 2561334, at *1. Therefore, this court's jurisdiction over Eichner's first appeal does not confer jurisdiction over the instant appeal.

## CONCLUSION

The plain language of Texas Rule of Appellate Procedure 26.1 and binding authority of this court deprives Eichner—a nonparty—of the right to extend the time for filing a notice of appeal. *See Lapiner*, 429 S.W.3d at 821. As such, this court lacks jurisdiction over Eichner's appeal. Because we determine that Eichner did not timely file its notice of appeal we dismiss this appeal for want of jurisdiction.

/s/    Jerry Zimmerer
        Justice

Panel consists of Justices Wise, Zimmerer, and Spain.

8