# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00422-CV

**Billie O. Stone d/b/a Stobil Enterprise, Appellant**

**v.**

**Randolph-Brooks Federal Credit Union, Appellee**

## FROM THE 433RD DISTRICT COURT OF COMAL COUNTY
## NO. C2020-1435D, THE HONORABLE DIB WALDRIP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Billie O. Stone d/b/a Stobil Enterprise, appearing pro se, appeals from the trial court's order dismissing his wrongful-foreclosure lawsuit pursuant to Rule 91a. *See* Tex. R. Civ. P. 91a. For the following reasons, we affirm the dismissal order.

## BACKGROUND

In 2010, appellee Randolph-Brooks Federal Credit Union (RBFCU) loaned Stone $628,000 for the purchase of residential real property in Comal County, in exchange for which Stone executed a promissory note and pledged the property as collateral by issuing a deed of trust to RBFCU. In 2016, after Stone became delinquent on his repayment obligations under the note, RBFCU notified Stone that he might qualify for options in lieu of foreclosure. Stone alleges that in 2018, he had a phone conversation with an RBFCU representative that resulted in an oral "forbearance agreement" but that about a month later he received an email from RBFCU stating that it was unable to assist him further with a loan modification. About a month later,

Stone alleges that RBFCU again notified him that the only way he could avoid foreclosure was to pay the balance due under the note.

Stone did not pay the balance but instead filed for Chapter 13 bankruptcy relief in May 2018, which stayed the foreclosure proceedings. His bankruptcy case was dismissed shortly thereafter due to his failure to file mandatory bankruptcy administration documents and assurances to creditors. In late June 2018, Stone filed a second Chapter 13 bankruptcy petition. The bankruptcy court dismissed this second petition in August 2018 due to, among other things, Stone's failure to file several years' worth of federal tax returns and the general unfeasibility of Chapter 13 reorganization based on Stone's own calculation of assets, income, and debts. Thereafter, RBFCU notified Stone that it intended to foreclose on the property September 4, 2018. Stone filed for bankruptcy a third time, and RBFCU foreclosed on the property as scheduled.

Just short of two years later, Stone filed the underlying lawsuit against RBFCU, alleging that it wrongfully foreclosed on the property after he had stopped making required payments. After answering the suit, RBFCU filed a Rule 91a motion to dismiss and set the motion for hearing on December 9, 2020, serving Stone with notice of the hearing on November 12, 2020. On November 16, 2020, Stone filed a response to the Rule 91a motion. At the December 9 non-evidentiary hearing, Stone argued that he did not receive adequate notice of the hearing, even though he admitted that the address on the certificate of service was his correct address. The trial court, although recognizing that the certificate of service creates a presumption that the notice was properly served, nonetheless permitted Stone to submit an additional written response by December 15. Stone timely filed an additional response. On

2

March 4, 2021, the trial court granted RBFCU's Rule 91a motion to dismiss, and Stone timely perfected this appeal.

## DISCUSSION

Stone lists twenty-one issues in his issue statement, but he generally fails to support his listed issues with clear arguments or appropriate citations to authorities or to the record. *See* Tex. R. App. P. 38.1(i) (requiring brief to contain "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"). Although we construe pro se briefs liberally, pro se appellants are held to the same standards as appellants represented by counsel to avoid giving them an unfair advantage. *Vaclavik v. Di Addison*, No. 03-19-00528-CV, 2021 WL 1704249, at *1 (Tex. App.—Austin Apr. 30, 2021, no pet.) (mem. op.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)). Holding Stone to this standard, we conclude that he has waived most of his issues by failing to support them with substantive arguments or appropriate citations. *See* Tex. R. App. P. 38.1(i). Nonetheless, we will attempt to address his issues as best as we understand them. *See Stewart v. Texas Health & Hum. Servs. Comm'n*, No. 03-09-00226-CV, 2010 WL 5019285, at *1 n.1 (Tex. App.—Austin Dec. 9, 2010, no pet.) (mem. op.).

From Stone's twenty-one issues, we distill three main complaints. First, he argues that the trial court erred in granting RBFCU's Rule 91a motion because RBFCU did not support its motion with evidence or otherwise "prove its case," "hid information from the trial court," did not "disprove" Stone's petition and its attachments, and did not comply with Texas Rule of Civil Procedure 93. We secondly understand Stone to contend that he did not receive adequate notice of the hearing on appellee's Rule 91a motion or a fair hearing. Thirdly, Stone

3

contends that the trial court erred by not finding that he is a "governmental entity" purportedly exempt from paying RBFCU's attorney's fees.

Dismissal is appropriate under Rule 91a "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought . . . [or] no reasonable person could believe the facts pleaded." Tex. R. Civ. P. 91a.1. Whether the dismissal standard is satisfied depends "solely on the pleading of the cause of action." *Id.* R. 91a.6. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* R. 91a.1. A motion to dismiss must identify each cause of action challenged and "must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both." *Id.* R. 91a.2. The trial court may not consider evidence when ruling on a Rule 91a motion and must base its ruling only on the pleadings and any supporting exhibits. *Id.* R. 91a.6.

An appellate court reviews a trial court's ruling on a motion to dismiss de novo. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016). Similarly, we base our review on the allegations set forth in the live petition and attachments thereto, construe the pleadings liberally in favor of the plaintiff, and accept as true the factual allegations. *Wooley v. Schaffer*, 447 S.W.3d 71, 75–76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied); *see Bedford Internet Off. Space, LLC v. Texas Ins. Grp., Inc.*, 537 S.W.3d 717, 720 (Tex. App.—Fort Worth 2017, pet. dism'd) (plain language of Rule 91a.6 "requires the trial court to wear blinders to any pleadings except 'the pleading of the cause of action'"). However, we need not accept as true any legal conclusions put forth by the pleader. *City of Austin v. Liberty Mut.*, 431 S.W.3d 817, 826 n.7 (Tex. App.—Austin 2014, no pet.).

4

As to Stone's first group of issues—in which he challenges the propriety of dismissal under Rule 91a—we conclude that the trial court did not err. Stone asserted only one cause of action in his live petition: wrongful foreclosure. There are three elements of such a claim: (1) a defect in the foreclosure-sale proceedings, (2) a grossly inadequate selling price, and (3) a causal connection between the defect and the grossly inadequate selling price. *Collins v. Bayview Loan Servicing, LLC*, 416 S.W.3d 682, 687 n.7 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Taking the factual allegations in Stone's petition and its attachments as true, Stone neither articulated these elements nor alleged facts supporting any of them. Although in his pleadings Stone alludes to a purported "violation" of the bankruptcy court's August 3, 2018 ruling and a purported "breach" of the parties' oral "forbearance agreement," neither of these allegations alleges a defect in the foreclosure process itself.[1] Furthermore, Stone failed to allege facts supporting the second and third elements: that RBFCU sold the home for a grossly inadequate selling price and that there is a causal connection between such inadequate price and an alleged procedural defect in the foreclosure sale. We accordingly hold that the trial court did not err in granting RBFCU's Rule 91a motion because the factual allegations in Stone's petition and attachments do not support any of the three elements of his wrongful-foreclosure claim and, therefore, the claim has no basis in law. *See* Tex. R. Civ. P. 91a.1; *Zawislak v. Moskow*, No. 03-18-00280-CV, 2019 WL 2202209, at *4 (Tex. App.—Austin May 22, 2019, no pet.) (mem. op.) (affirming grant of Rule 91a motion where live pleading and its exhibits did not allege necessary element of fraud claim); *DeVoll v. Demonbreun*, No. 04-14-00116-CV,

---

[1] Moreover, Stone's own factual allegations and attachments belie these mere legal conclusions of purported wrongdoing: the transcript of the phone call he had with the RBFCU representative establishes that the parties reached no forbearance agreement, and the bankruptcy court's August 3, 2018 order does nothing more than dismiss Stone's Chapter 13 case without prejudice.

5

2014 WL 7440314, at *3 (Tex. App.—San Antonio Dec. 31, 2014, no pet.) (same).  We overrule Stone's first set of issues.[2]

In his second group of issues, Stone contends that he did not receive adequate notice of the hearing on RBFCU's Rule 91a motion and that the hearing was unfair because the trial court "ignored" the facts and evidence he submitted with his petition.  However, the record demonstrates that notice of the hearing was served on Stone more than the required fourteen days before the hearing, *see* Tex. R. Civ. P. 91a.6, and Stone admitted at the hearing that the address on the certificate of service was his correct address.  While the trial court recognized that the certificate of service creates a presumption that the notice was properly served, the trial court nonetheless permitted Stone to submit an additional written response after the hearing, and Stone filed a supplemental brief with the trial court by the deadline it set for such brief.  Nothing in the record supports Stone's argument that his opposition to RBFCU's Rule 91a motion was not afforded fair consideration by the trial court, and because the trial court was required to rule "solely on the pleading, together with any pleading exhibits permitted under the Texas Rule of Civil Procedure 59," *see Wooley*, 447 S.W.3d at 80, we hold that, even assuming Stone did not have timely notice of the hearing, any such failure of notice was harmless.  *See* Tex. R. App. P. 44.1(a).  Moreover, and for the same reasons, he has not demonstrated that the hearing was "unfair."  We overrule Stone's second group of issues.

In Stone's third and final group of issues, he asserts that the trial court failed to find that he is a "governmental entity" and accordingly erred in awarding RBFCU its attorney's

---

[2] Within this issue, Stone also appears to take issue with the trial court's ruling on the Rule 91a motion after the forty-five-day period specified in the rule.  *See* Tex. R. Civ. P. 91a.3. We have previously held that such period is merely directory rather than mandatory, *see Koenig v. Blaylock*, 497 S.W.3d 595, 598 (Tex. App.—Austin 2016, pet. denied), and—in any event— Stone fails to articulate whether, or how, he was harmed by the timing of such ruling.

fees. However, Stone never alleged any facts that support his claim to being a governmental entity, and he made no argument before the trial court that an award of attorney's fees is thus foreclosed, raising the issue for the first time on appeal and thus failing to preserve the issue. *See* Tex. R. App. P. 33.1. Secondly, the authority he cites for his claimed governmental status—38 U.S.C. § 4212(a)(1)—is inapposite. That statute provides that when parties contract with the United States, they must take "affirmative action to employ and advance in employment qualified covered veterans." 38 U.S.C. § 4212(a)(1) (entitled "Veterans' employment emphasis under Federal contracts"). Nothing in the statute purports to give veterans[3] governmental-entity status or speaks to attorney's fees. *See id.* We therefore overrule Stone's third group of issues.

## CONCLUSION

Having overruled Stone's issues, we affirm the trial court's order of dismissal.

_____

Thomas J. Baker, Justice

Before Justices Baker, Kelly, and Smith

Affirmed

Filed: March 8, 2023

---

[3] In his petition, Stone identifies himself as "a United States Army Retired and 100% Military Service Disabled Veteran."